■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID GOLINDES, Also Known as DAVID GALINDES, Also Known as DAVID GALINDEZ, Appellant.— REYNOLDS, J. Appeal from an order of the County Court, Chemung County, which determined appellant to be a mentally ill person and committed him to Dannemora State Hospital for treatment (Correction Law, § 383). The record amply supports the trial court's determination that appellant is mentally ill. The trial court did not have to accept the testimony of appellant's psychiatrist rather than the testimony of the three qualified physicians who testified for the State. Section 383 of the Correction Law does not mandate that the examining physicians be practicing psychiatrists. Nor does *United States ex rel. Schuster* v. *Herold* (410 F. 2d 1071, cert. den. 396 U. S. 847) even suggest a requirement of a jury trial at the instant posture of the commitment procedure, since the comparable provisions of the Mental Hygiene Law (§§ 73, 74) do not so provide where the commitment of a civilian is involved. We note that appellant has petitioned for a jury trial on this matter but a decision if rendered on the petition is not here before us. We, of course, do not pass on the merits of this petition. Order affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NICHOLAS FANOLI, Appellant, v. ROSS E. HEROLD, as Director of Dannemora State Hospital, Respondent.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Clinton County, entered July 9, 1969, denying an application for a writ of habeas corpus without a hearing. Special Term in denying the application presumed that there had been compliance with section 383 of the Correction Law. The reason for Special Term's uncertainty was that appellant's petition does not comply with CPLR 7002 (subd. [c], par. 1) in that the mandate under which he is confined was not annexed. Accordingly, the petition was properly denied (*People ex rel. Gantz* v. *Herold,* 24 A D 2d 776, mot. for lv. to app. den. 17 N Y 2d 420). We pass on no further issues raised by appellant at this time. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUBERT C. JORDAN, Appellant.— REYNOLDS, J. Appeal from an order of the County Court, Otsego County, which denied, without a hearing, appellant's motion to obtain a resentence in order to permit him to file a timely appeal. Appellant should have been granted a hearing on his allegations that his retained counsel failed to advise him of his right to appeal (*People* v. *Montgomery,* 24 N Y 2d 130; *People* v. *Groff,* 32 A D 2d 592; *People* v. *Garrow,* 30 A D 2d 618). Order reversed, on the law, and proceeding remitted to the County Court of Otsego County for the purpose of holding a hearing limited to the question of whether the appellant's failure to serve and file a timely notice of appeal was attributable to the failure of his retained counsel to advise him of his right to appeal. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.